**Xue Ming ZHU, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 05–6076–AG.**

United States Court of Appeals, Second Circuit.

Dec. 1, 2006.

Thomas V. Massucci, New York, NY, for Petitioner.

Thomas D. Anderson, United States Attorney; Carol L. Shea, Chief, Civil Division, Burlington, VT, for Respondent.

Present: JOHN M. WALKER, JR., JOSÉ A. CABRANES and PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Xue Ming Zhu, a native and citizen of the People's Republic of China, seeks review of an October 20, 2005 order of the BIA affirming the July 28, 2004 decision of Immigration Judge ("IJ") Joanna Miller Bukszpan denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture. *In re Xue Ming Zhu,* No. A 98 165 763 (B.I.A. Oct. 20, 2005), *aff'g* No. A 98 165 763 (Immig. Ct. N.Y. City July 28, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

This Court reviews the IJ decision where, as here, the BIA summarily adopted or affirmed the IJ decision without opinion. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 158 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

■ Where an adverse credibility finding is based, in part, on flawed grounds, remand is not required where this Court can "confidently predict" that the IJ would have reached the same conclusion absent the error-based grounds. *See Xiao Ji Chen,* 434 F.3d at 162. In this case, the IJ incorrectly relied upon speculation in assuming that, since Zhu was issued an identification card by the Chinese government, he could not have been arrested by the same authorities two months prior. Yet, the many non-erroneous factors considered by the IJ provided sufficient grounds for the IJ's determination that Zhu was not a credible witness. The IJ supplied "specific, cogent reasons" for her decision and these reasons bore a "legitimate nexus" to the very heart of Zhu's asylum claim. *Secaida -Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

As Zhu failed to produce any verifiable evidence regarding his Christian beliefs, not to mention his alleged persecution by the Chinese government for these beliefs, a reasonable adjudicator would not be "compelled to conclude" that Zhu was, in fact, testifying credibly about being persecuted on a religious basis. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). The IJ identified "particular pieces of missing, relevant documentation" that were "reasonably available" to Zhu. *Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 153 (2d. Cir.2003). Additionally, the IJ based her adverse credibility finding on more than a simple lack of corroborating documents. *See Zhou Yun Zhang,* 386 F.3d at 78 ("The requirement for corrobo-

rative documents' "identification" and "availability" articulated in *Jin Shui Qiu v. Ashcroft* (as derived from *Diallo v. INS*) pertains when the IJ or BIA cites inadequate corroboration as a basis for denying asylum to an applicant who is *otherwise credible."*) (emphasis in original).

The significant discrepancies between Zhu's two visa applications and his testimony before the IJ similarly support the IJ's ruling. If, as he argues, Zhu obtained his two U.S. visas in an effort to escape persecution, Zhu had no obvious reason to lie in his visa application about his earlier arrest for being a Christian, as the visa applications were presented to American, not Chinese, authorities. *Cf. Rui Ying Lin v. Gonzales*, 445 F.3d 127, 133–34 (2d Cir.2006) (emphasizing that it is unreasonable to penalize an applicant for lying to local authorities in an effort to escape a country where he or she faces persecution). Moreover, while Zhu was in the United States on his first visa in 2002, not only did he fail to apply for asylum, but he returned to China after just a few months of working in the construction industry. While there may exist a plausible explanation for such behavior, a reasonable adjudicator need not be compelled to credit such actions as the behavior of a *bona fide* victim of political persecution. *See Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003).

▮ Because the IJ properly determined that Zhu failed to present credible evidence establishing his eligibility for asylum, the IJ's denial of Zhu's application for withholding of removal, which carries a higher of proof, was also appropriate. *See, e.g., Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003). Lastly, Zhu failed to raise any arguments regarding the denial of his CAT claim in his brief to this Court or to the BIA. Accordingly, this claim is not exhausted and it is waived. *See* 8

U.S.C. § 1252(d)(1) (governing exhaustion); *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 343 (2d Cir.2006) (same); *Jian Wen Wang v. BCIS*, 437 F.3d 276, 278 (2d Cir.2006) (governing waiver).

For the foregoing reasons, the petition for review is DENIED with respect to petitioner's asylum and withholding of removal claims. The petition for review is DISMISSED with respect to petitioner's CAT claim. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).